JOURNAL ENTRY AND OPINION
{¶ 1} Michael Williford appeals from a judgment of conviction for misdemeanor theft under R.C 2913.02 following a bench trial before Judge Brian J. Corrigan. He claims the evidence was insufficient to show his intent to commit a theft offense, and he also claims it was error to order restitution of $1,170, when he was convicted of stealing only $330. The State concedes error in the restitution order, but claims the evidence was sufficient to support the conviction. We reverse in part, vacate the restitution order and remand for termination of Williford's probation.
 {¶ 2} On April 17, 2002, then forty-four-year-old Williford, who operated a painting business, received a $1,500 check from Nancy Duong for a job he had completed. The check was payable to Williford's business, "General Laborer's," and he deposited it into his business at Dollar Bank in University Heights. At the time of the deposit, he also withdrew $330 from the account, which had been overdrawn prior to the deposit, and which had no funds other than those expected from the $1,500 check.
 {¶ 3} On April 19, 2002, before the check had cleared, Dollar Bank entered a $1033.44 debit against the account as a setoff for Williford's mortgage payment, which was in arrears. There was no provision for automatic withdrawal of the mortgage payment from the account, but the bank claimed it entered the debit as part of its general authority to set off customers' debts against their deposit accounts. On the same day, Williford contacted Duong and asked her to issue a stop payment order on the check and issue him a new one. Williford specifically told Duong that he wanted to deposit the check into a different account. She contacted her bank and, after verifying that the check had not yet cleared, complied with his request. On April 26, 2002, Dollar Bank received notice that payment had been stopped on the $1,500 check.
 {¶ 4} Dollar Bank sent Williford notice, by certified letter, that his account was in arrears, and it included the $1,033.44 mortgage payment that it had attempted to satisfy against the funds in that account. The letter was returned unclaimed, however, and other attempts to contact him also failed. The bank contacted the police and, in October 2002, Williford was indicted for felony theft under R.C. 2913.02, on a claim that he deprived Dollar Bank of its $1,500 when he asked Duong to issue the stop payment order and write him a new check.
 {¶ 5} Williford waived his right to jury trial and was found guilty of misdemeanor theft. The judge rejected the claim that he had stolen the $1,033.44 mortgage payment, but found him guilty of stealing the $330 he received at the time he deposited the check even though, by the time of trial, he had paid that money back.
 {¶ 6} The judge imposed a six-month suspended sentence, five years of non-reporting probation, but terminable upon full payment of $1,170 in restitution. The amount of restitution apparently reflected a finding that Dollar Bank was entitled to the entire $1,500.00 deposit, less the $330.00 payment by Williford. Williford states two assignments of error, which are included in an appendix to this opinion.
 {¶ 7} He claims the judge erred in ordering $1,170 in restitution, because the applicable version of R.C. 2929.21(E)[1] allows an order of restitution only for repayment of funds that he was convicted of stealing. He was found guilty only for theft of the $330 he received when he deposited the check, and the State concedes the error and agrees that the restitution order should be adjusted "in accordance with Appellant's conviction."
 {¶ 8} The transcript of trial and sentencing shows that Williford repaid this amount prior to trial and, therefore, we find that he has paid his restitution in full, and that any further payment would go beyond the value of the offense for which he was convicted. He may be indebted to the bank, but he was not found guilty of theft with respect to any of those debts. We sustain the first assignment of error.
 {¶ 9} Williford also claims the evidence was insufficient to sustain the theft conviction, but our resolution of the first assignment renders this appeal moot. The sentence ordered probation terminable upon payment of restitution, and we have found that Williford has fully satisfied his restitution obligation. Therefore, his probation is terminated, and his sentence is fully satisfied.
 {¶ 10} He does not contend that his misdemeanor theft conviction carries collateral consequences and, absent such a showing, voluntary satisfaction of the sentence renders an appeal moot.[2] Therefore, we find the second assignment moot.[3]
 {¶ 11} We vacate the order of restitution and remand for a journal entry terminating probation.
 APPENDIX — ASSIGNMENTS OF ERROR "I. The trial court erred by ordering restitution in violationof the provisions of r.c. 2929.21(e)."
 "II. The state failed to present sufficient evidence to establishbeyond a reasonable doubt the elements necessary to support a convictionfor theft under r.c. 2913.02."
It is ordered that the appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, J., And Gallagher, J., Concur.
[1] The applicable version of R.C. 2929.21 is that in effect at the time of the offense.
[2] Cleveland v. Martin, Cuyahoga App. No. 79896, 2002-Ohio-1652, citing State v. Golston, 71 Ohio St.3d 224, 226, 1994-Ohio-109,643 N.E.2d 109.
[3] App. R. 12.